[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Under the provisions of the decree of dissolution, the Court, Driscoll, J., adopting the language of General Statutes § 46b-84 (b), indicated that child support for the minor child would be recomputed upon each minor child reaching nineteen years or graduating from high school whichever event occurs first.
The defendant maintains that should one of the children graduate from high school prior to becoming eighteen years old he is entitled to modification under the terms of Judge Driscoll's decree. The import of the assertion is that the child who has not reached the age of majority as statutorily defined by General Statutes § 1-1d, which defines a minor as a person under age eighteen, by the language of Judge Driscoll's decision, would cease to be a minor for child support purposes in this case. The court disagrees. When read in conjunction with § 46b-84 (b), the intent of the legislature was to require each parent to support minor children to at least eighteen years or longer if that child has not graduated from high school and, if not, to at least nineteen years of age.
A reading of § 46b-84 (a) with 1-1 (d) clearly indicates that the legislature clearly mandated that reading. It has long been a tenet of the law that legislative acts will be interpreted by the courts to reconcile legislative acts to conform to the intent of the legislation.
Accordingly, the court finds that the obligation for child support terminates at age eighteen unless the child is still in high school and then terminates either upon completion of the 12th Grade or age nineteen whichever event occurs first.
In this case the fact that the minor may have completed high school prior to her eighteenth birthday does not relieve the defendant of the obligation to pay child support until the completion of her eighteenth birthday.
In addition to the motion for reduction of child support, plaintiff has requested from the defendant an allowance to defend an appeal brought by the defendant. After review of the financial affidavit, the court awards the sum of $750.00 as an allowance to defend the appeal, to be paid by defendant to plaintiff with 45 days hereof. CT Page 4659
 BY THE COURT ____________________ Hon. Kocay, J.